UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10221
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD DAVID SUTHERLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-2075)
_____

June 9, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Ronald David Sutherland, federal prisoner number 665770, has been serving a term of 51 months imprisonment based on his guilty plea to unlawful possession of a machine gun. He was also sentenced to three years supervised release, which he may presently be serving. Sutherland did not directly appeal his conviction or sentence. Instead, in a § 2255 motion, he alleged

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misapplication of U.S.S.G § 5G1.3, regarding concurrent or consecutive sentences; ineffective assistance of counsel at sentencing; and numerous other issues. The district court denied relief. On appeal, we affirm.

Three categories of issues are raised on appeal. He alleges first, that the district court committed an ex post facto violation by applying to Sutherland's offense a subsequently-enacted version of the guidelines that prevented him from obtaining a sentence to run concurrently with a state law offense. Second, he maintains that counsel was ineffective in representing him at sentencing because she: (1) failed to present mitigating evidence; (2) did not make objections to the PSR; (3) failed to consult with him; (4) did not examine or brief the issue of concurrent sentences; (5) did not object or appeal the "ambiguous sentence"; (6) did not know the law regarding U.S.S.G § 4B1.2; (7) did not investigate the issue of illegally obtained evidence; and (8) did not argue for a reduction of more than two levels based on substantial assistance. Sutherland asserts in this connection that his counsel was "paving the way" to become a prosecuting attorney and for this reason failed to represent him conscientiously. Finally, Sutherland suggests that counsel refused to file an appeal on his behalf.

Sutherland's ex post facto contention is meritless. Under either version of the Guidelines § 5G1.3, concerning consecutive or concurrent sentences, the sentencing court had

2

discretion to impose concurrent sentences, as he did here. United States v. Hernandez, 64 F.3d 179, 182-83 (5th Cir. 1995). United States v. Gross, 979 F.2d 1048 (5th Cir. 1993), is cited by Sutherland but is inapposite, because Gross involved a prior sentence on a federal charge, which at the time of Gross's sentence fell under § 5G1.2.

To demonstrate ineffective assistance of counsel with regard to sentencing issues, Sutherland was required to establish a reasonable probability that but for his counsel's deficient performance, his sentence would have been significantly less harsh. United States v. Seyfert, 67 F.3d 544, 548-49 (5th Cir. 1995). The report of the magistrate judge, adopted as the district court's opinion, carefully refutes all of Sutherland's contentions either on the facts or in their consequences for his sentencing decision. Moreover, there was no constitutionally significant prejudice to appellant's sentence from any of the alleged errors.

To the extent Sutherland challenges his guilty plea because of allegedly ineffective representation of counsel, his objections are meritless. He was sentenced according to the Guidelines, and his plea did not become involuntary merely because he received a sentenced greater than he anticipated. See United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991) (dissatisfaction with a sentence is not grounds for withdrawal of a guilty plea). To the extent this contention rests on his assertion that evidence against him should have been suppressed, it

3

is also meritless. He signed a consent to search. He signed a plea agreement stating that his plea was voluntary, and he contends that he voluntarily disclosed the existence of the machine gun to federal agents. Further, his warrantless arrest was lawful, based as it was both on information that Sutherland possessed a machine gun illegally and that there was an outstanding burglary arrest warrant (a crime to which he later pleaded guilty in state court).

Although it appears that all of the above points are those which Sutherland would have raised on direct appeal without any more success than they are raised here, Sutherland also asserts that his counsel failed to file an appeal for him. But this claim was not adequately raised in the district court, where Sutherland says only two things about his desire for an appeal. He says there that counsel "advised him" against appealing and that she was not going to "file motions and file an appeal simply because she did not want to look stupid in court." The magistrate judge interpreted these complaints as unspecified and conclusory assertions related to the complaint that Sutherland's attorney wanted to be and has now become a prosecutor. Sutherland is an experienced jail house lawyer, but he never asserted in the district court that he asked his counsel to appeal, and she refused to do so, depriving him of his opportunity to appeal. For this reason, we decline to consider his newly-articulated claim for the first time on appeal. United States v. Colon-Padilla, 770 F.2d 1328, 1334 n.6 (5th Cir. 1985).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.